UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20241-RUIZ/BECERRA

UNITED STATES OF AMERICA,

v.

HARRYSON JEAN-BAPTISTE, SR.,

Defendant.
_____/

## FACTUAL PROFFER

The United States of America (the "United States") and defendant Harryson Jean-Baptiste, Sr. (the "defendant") agree that, were this case to proceed to trial, the United States would prove beyond a reasonable doubt the following facts, among others, which occurred in the Southern District of Florida and elsewhere:

### Background on Paycheck Protection Program

The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering from the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

To obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan

application, the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan, under nearly all circumstances, was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

<u>Background on TrustedCommunications</u>

On approximately July 1, 2019, the defendant formed TrustedCommunications LLC ("TrustedCommunications") under the laws of Florida. The defendant was listed as the entity's Registered Agent and Ambassador.

On approximately July 18, 2019, the defendant opened a bank account ending in 2997 in the name of TrustedCommunications at Bank 1 ("Account 2997"). Bank 1 was a financial institution federally insured by the Federal Deposit Insurance Corporation ("FDIC") and based in

Charlotte, North Carolina. The defendant opened the account at a branch in Miami, Florida, and was the account's only signer.

Bank records for Account 2997 from approximately July 2019 (the account opening) through May 2020 establish that the account was not used for business expenses or salary, but rather everyday living expenses. On average, every month from July 2019 through May 2020, the defendant deposited approximately $1,618.09 into the account and withdrew $1,582.30. Credits included cash deposits and transfers via Zelle. Debits included transfers to Capital One, cash withdrawals, and debit card payments to vendors such as Amazon, Jet Blue, and Speedway. During this time, the bank records did not include any paychecks to any employees, nor any payments to any payroll company.

### The Defendant Applied for and Received a Fraudulent PPP Loan

On approximately June 19, 2020, the defendant applied for a PPP loan on behalf of TrustedCommunications with Loan Processor 1, a financial technology company based in Atlanta, Georgia. Loan Processor 1 worked with Bank 2 to fund PPP loans. Bank 2 was a financial institution insured by the FDIC and based in Fort Lee, New Jersey.

The defendant submitted the PPP loan application online. The application stated that TrustedCommunications had 32 employees and an average monthly payroll of $599,336. These assertions were false and fraudulent. TrustedCommunications did not have any employees, nor any payroll. Based on records received from the Florida Department of Revenue, TrustedCommunications had not registered to pay employment tax in Florida, the entity's purported place of operation. Nor had the entity in fact paid any such taxes, despite the fact all Florida-based employers are required to do so.

The application listed the defendant as the owner of TrustedCommunications and provided

certain accurate personal identifying information, such as the defendant's social security number and phone number ending in 8278 (the "8278 Phone Number"). The defendant also included a color photograph of the front side of his valid Florida driver's license.

The application included an IRS Form W-3 purportedly filed with the IRS. The form stated that TrustedCommunciations had filed 32 Form W-2s with the IRS and withheld from its employees over $1.4 million in taxes.[1] This document was false and fraudulent. At the time of the application, based on IRS records, TrustedCommunications had not submitted any documents to the IRS nor paid any taxes.

The defendant's application was approved. On approximately June 23, 2020, Bank 2 transferred into Account 2997, via Automated Clearinghouse ("ACH"), $1,498,339. At the time of the credit, Account 2997's balance was approximately $2,521.10.

### The Defendant Converted The Loan Proceeds & Called Loan Processor 1 from the 8278 Phone Number

The defendant began converting the loan proceeds. On approximately June 26, 2020, the defendant wrote two checks, one to himself and one to a family member. Both checks were drawn on Account 2997 and the memo line on both checks read, "Payroll Back Pay."

On July 1, 2020, the defendant wrote a $8,300 check drawn on Account 2997 to himself. On approximately July 6, 2020, the defendant negotiated the check at a Bank 1 branch in the Southern District of Florida. Surveillance footage captured the defendant negotiating the check.

On approximately July 7, 2020, the defendant executed a Services Agreement contract with Payroll Company 1, an online payroll company. Beginning three days later, July 10, 2020,

---

[1] The IRS Form W-2, referred to as a Wage and Tax Statement, is used to report wages paid to employees and the taxes withheld from them. The IRS Form W-3, referred to as a Transmittal of Wage and Tax Statements, is used to summarize all of a business's employee wages and contributions for the previous year.

4

Payroll Company 1 began withdrawing monies from Account 2997 and issuing paychecks to numerous individuals. In total, 32 people, including the defendant, received a payment from Account 2997.

Bank 1 ultimately froze Account 2997 in August 2020. Approximately $1,139,827.32 was frozen. The defendant had spent more than $350,000.

On approximately August 28, 2020, the defendant called Loan Processor 1 from the 8278 Phone Number. The defendant informed an employee that he had received a PPP loan of "close to 1.5" million but that Bank 1 had frozen his account. The defendant asked if there was anything Loan Processor 1 could do to assist.

The parties agree that these facts, which do not include all facts known to the United States and the defendant, are sufficient to prove Count 1 of the Indictment.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 10/18/23    By: _____
ELI S. RUBIN
ASSISTANT UNITED STATES ATTORNEY

Date: 10/18/23    By: _____
ASHLEY KAY
ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 10/18/23    By: _____
HARRYSON JEAN-BAPTISTE SR.
DEFENDANT

5